

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NR
F.#2010R00826

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 19, 2017

<u>By Hand and ECF</u>

The Honorable Dora L. Irizarry
Chief Judge, United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Seymour Eisenberg, Steven Moskowitz
       and Andrew Tepfer
      <u>Criminal Docket No. 10-600 (S-1) (DLI)</u>

Dear Chief Judge Irizarry:

  The government respectfully submits this letter in response to the Court's Order dated January 5, 2017, directing the government to respond to a letter, dated December 27, 2016 (ECF No. 461), requesting an update regarding the payment of restitution in the above-referenced matter.

  In connection with the judgments of conviction against the three individuals referenced above, the Court directed the payment of restitution to individuals who had submitted "Affidavits of Loss" to the Court. Specifically, the Court ordered that Eisenberg pay a $300.00 special assessment and restitution in the amount of $3,082,056.00 (ECF No. 367); that Moskowitz pay a $200.00 special assessment and restitution in the amount of $12,650,138.00 (ECF No. 414); and that Tepfer pay a $300.00 special assessment and restitution in the amount of $12,716,688.00 (ECF No. 427). Further, the Court found that each defendant was jointly and severally liable with the other two co-defendants and each of the three defendants were directed to pay restitution at the rate of 10% of his gross monthly income.

To date, each defendant made the following payments.[1] Seymour Eisenberg has paid his $300.00 special assessment and an additional $7,725.70 towards his restitution obligation. Steven Moskowitz has paid his $200.00 special assessment and an additional $3,710.00 towards his restitution obligation. Andrew Tepfer has paid $300.00 towards his special assessment and has paid $444.00 towards his restitution obligation. Collectively, the defendants have contributed $11,879.70 towards their joint and several restitution obligations.

The United States Attorney's Office (and the United States Department of Justice more broadly) is responsible for collecting unpaid restitution amounts. 18 U.S.C. § 3612. Such funds are then paid to the Clerk of the Court and the distribution of the funds is then made by the Clerk of the Court. 18 U.S.C. § 3611. In order to minimize administrative costs, it is the Clerk of the Court's practice to make distribution of the funds when the Clerk of the Court has amassed sufficient funds to make a non *de minimis* distribution – typically at least $50.00 per victim.

To date, the amount of restitution funds collected constitutes less than one-tenth of one percent (00.1%) of the total restitution ordered. Dividing the $11,879.79 collected thus far by the 195 victims who have submitted loss affidavits, the amount collected per affiant is $60.92. The calculation is further complicated by the fact that the victims are to be paid out on a *pro rata* basis. Thus Mr. Bradley, who submitted the December 27, 2016 inquiry and has claimed losses of $34,897.00, is entitled to a *pro rata* distribution of $32.08.[2]

As noted above, the Clerk of the Court is charged with distributing restitution funds, as well as determining the appropriate timing and manner of any such distribution. The government will, of course, provide any and all information and support that it can to the Clerk of the Court to facilitate the distribution of funds in this case when the Clerk of the Court determines that it has amassed sufficient restitution funds to make such a distribution is appropriate.

With respect to Mr. Bradley's questions about the defendants' ability to pay a more substantial contribution towards restitution, we note that we have not received any

---

[1] This information was also communicated directly to Mr. Bradley, the December 27, 2016 letter's author, on January 17, 2017 via e-mail by a staff person at the United States Attorney's Office.

[2] The government arrives at this figure by dividing Mr. Bradley's claimed loss of ($34,897.00) by the largest amount of restitution order ($12,716,668.00), which equals .0027. When 00.27 % is multiplied by the funds collected to date ($11,879.79), the restitution due to Mr. Bradley is $23.20).

2

reports from the United States Probation Department suggesting that the defendants are in violation of the terms of their Court-ordered supervision for failing to make restitution payments as a percentage of their income. The Office's Financial Litigation Unit has independently taken steps to gather information about the defendants' incomes, including, for instance, a substantial loan that one of the defendant appears to be receiving each month from a family member. Should the Office determine that a defendant should be paying a larger amount based on the Office's calculation of his income, it will require the defendant to do, and the Office will request the assistance of the Probation Department, as necessary. Moreover, should the Office determine that there has been a material change in a "defendant's economic circumstances that might affect the defendant's ability to pay restitution," it will notify the Court and request an appropriate change to the payment schedule. See 18 U.S.C. § 3664(n)(Upon receipt of notification from the United States or the victim regarding a change in economic circumstance, the court may, on its own motion or at the request of any party, adjust the payment schedule or require payment in full).

                                              Respectfully submitted,

                                              ROBERT L. CAPERS
                                              United States Attorney

By:   /s/
                                              Nathan Reilly
                                              Assistant U.S. Attorney
                                              (718) 254-6196

cc:        Mark Baker, Esq. (via ECF)
           Brian Bradley (via email)
           Martin Goldberg, Esq. (via ECF)
           John Meringolo, Esq. (via ECF)